**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ATLANTIC SPECIALTY INSURANCE** | * | |
| **COMPANY and EXCESS UNDERWRITERS** | * | |
| **SUBSCRIBING SEVERALLY TO POLICY** | * | |
| **NO. TMU-407387** | * | **CIVIL ACTION  NO. 17-9318** |
| | * | |
| **versus** | * | **JUDGE** |
| | * | |
| **PHILLIPS 66 COMPANY** | * | |

_____/


**COMPLAINT FOR DECLARATORY JUDGMENT**

COME NOW, through undersigned counsel, plaintiffs, Atlantic Specialty Insurance Company ("Atlantic Specialty") and certain underwriters subscribing severally to excess policy no. TMU-407387 ("Excess Underwriters") (collectively, "Underwriters" or "Plaintiffs"), who, with a full reservation of rights and defenses, respectfully allege as follows:

1.

Plaintiff, Atlantic Specialty Insurance Company, is a New York corporation with its principal place of business in Plymouth, Minnesota.

2.

Plaintiffs, Excess Underwriters, are foreign entities licensed to do business and doing business in this jurisdiction.

3.

Defendant, Phillips 66 Company, is a Delaware corporation with its principal

place of business in Houston, Texas.

4.

This is an action for declaratory judgment brought pursuant to 28 U.S.C. §§ 2201 - 2202 and Fed R. Civ. P. 57.

5.

This matter arises within the diversity jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1332.  The Plaintiffs and the Defendants are citizens of different states, and the amount in controversy exceeds the statutory minimum.

6.

Venue is proper in this Honorable Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the underlying personal-injury lawsuits occurred in this district.

7.

An actual controversy exists between the parties with respect to a demand for contractual defense, indemnity, and insurance coverage made by Phillips 66 Company against Underwriters' insured, Blanchard Contractors, stemming from personal-injury claims made against Phillips 66 Company, and others, in another proceeding.

8.

On or about November 17, 2016, Blanchard Contractors and Phillips 66 Company entered into a Master Services Agreement ("the MSA").

9.

Article 18.1.2 of the Master Services Agreement purportedly obligates Blanchard Contractors to indemnify Phillips 66 Company and its affiliates from and against liability up to $10 million for claims made by employees of Blanchard Contractors for personal injury, regardless of the fault of the indemnitee.

10.

Article 19.1.3 of the Master Services Agreement states that Blanchard Contractors was obligated to obtain commercial general liability insurance, including contractual liability coverage, with a limit of not less than $1 million.

11.

Article 19.1.4 of the Master Services Agreement states that, to the extent of the risk and liabilities assumed by Blanchard Contractors in the Agreement, any insurance policy obtained pursuant to the requirements of Article 19.1.3 shall include the indemnitees as additional assured.

12.

On or about February 9, 2017, an explosion and fire occurred on a natural gas pipeline and surrounding property near the "Williams Discovery" plant in Paradis, Louisiana.  On information and belief, the natural-gas transmission pipeline is owned and/or operated by Phillips 66.

13.

Desmond Calloway, an employee of Blanchard Contractors, filed suit against *inter*

*alia* Phillips 66 Company on June 23, 2017 in the District Court of Harris County, Texas, Civil Action Number 2017-42198, alleging that he sustained personal injuries, including severe burns, while performing maintenance on the natural-gas pipeline at the time of the explosion and fire.

14.

On June 28, 2017, Jacob Jambon, also an employee of Blanchard Contractors, intervened in Desmond Calloway's suit, and asserted claims for personal injuries, including severe burns, which he alleges to have incurred while also performing maintenance on the pipeline on February 9, 2017.

15.

Phillips 66 Company tendered the defense of the Calloway and Jambon claims to, and demanded indemnification from, Blanchard Contractors based on the indemnity and insurance provisions of the Master Services Agreement.

16.

Blanchard Contractors in turn presented the Phillips 66 Company's claims to Underwriters.

17.

Atlantic Specialty issued Policy No. B5JH9075516 to Blanchard Contractors, which policy was in effect on February 9, 2017, subject to its terms, conditions, and limitations.

18.

Excess Underwriters issued Policy No. TMU-407387 to Blanchard Contractors, which policy was in effect on February 9, 2017, subject to its terms, conditions, and limitations.

19.

Under La. R. S. 9:2780.1, with respect to the explosion and fire at the Paradis pipeline facility on or about February 9, 2017 and claims arising therefrom, the indemnity and additional-insured provisions in the MSA are void and unenforceable in whole or part and are contrary to the public policy of Louisiana.

20.

Even if Phillips 66 were an additional insured under the policies, which is denied, the policies also do not provide coverage for punitive damages asserted by the personal-injury plaintiffs against Phillips 66.

22.

Plaintiffs seek a declaration that the indemnity and additional-insured provisions in the MSA are void and unenforceable; that Blanchard Contractors is not contractually obligated to defend, indemnify, procure insurance, or add Phillips 66 as additional insureds on the insurance policies at issue; and that Phillips 66 is not an additional insured on the insurance policies issued by Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully pray that:

A)      The Court enter judgment in favor of Plaintiffs, declaring that the

indemnity and insurance obligations in the Master Services Agreement are null and void by law with respect to the explosion and fire at the Paradis pipeline facility on or about February 9, 2017 and claims arising therefrom;

B)     The Court enter judgment, declaring that Plaintiff's insured, Blanchard Contractors, is not obligated to defend, indemnify, procure insurance for, or add Phillips 66 as additional insured on the insurance policies issued by Plaintiffs to Blanchard;

C)     The Court enter judgment declaring that Phillips 66 is not an additional insured on the insurance policies issued by Plaintiffs to Blanchard; and

D)     Plaintiffs be granted such other relief as the Court deems just and proper.

Respectfully submitted,

**HARRIS & RUFTY, L.L.C.**

   /s/   Alfred J. Rufty III
Alfred J. Rufty, III (#19990)
Rufus C. Harris, III  (#6638)
Cindy Galpin Martin ( #25159)
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone: (504) 525-7500
Facsimile: (504) 525-7222
**Attorneys for Plaintiffs**

**PLEASE SERVE:**
Phillips 66 Company
Through its registered agent
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA  70802-3129

6