6/23/2017 4:45 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17816944
By: Justin Kitchens
Filed: 6/23/2017 4:45 PM

# 2017-42198 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| Desmond Calloway | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| Phillips 66 Company, Chevron | § | |
| Midstream Pipelines, LLC, Phillips 66 | § | |
| Partners Holdings, LLC, Phillips 66 | § | |
| Partners LP, and | § | |
| Phillips 66 Partners GP, LLC | § | |
| | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Desmond Calloway ("Plaintiff") complains of Phillips 66 Company, Chevron Midstream Pipelines, LLC, Phillips 66 Partners Holdings, LLC, Phillips 66 Partners LP, and Phillips 66 Partners GP (collectively "Defendants") and will respectfully show the Court the following:

## I.

### DISCOVERY

1.      Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## II.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction and venue is proper in this County pursuant to Texas Civil Practice and Remedies Code § 15.002 because one or more Defendants either resides or maintains a principal place of business in this County.


EXHIBIT
C

3.    Further, a Defendant who is a citizen of the forum may not remove on the basis of diversity jurisdiction, often referred to as the forum defendant rule. *See* 28 U.S.C. § 1441(b); *See also In re 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009).

## IV.

### PARTIES

4.    Plaintiff is a resident of Louisiana.

5.    Defendant Phillips 66 Company is a foreign for-profit corporation that maintains its principal office in Houston, Texas. This Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.    Defendant Chevron Midstream Pipelines, LLC is a foreign limited liability company that has a principal office in California and does a substantial amount of business in Texas. This Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7.    Defendant Phillips 66 Partners Holdings, LLC is a foreign limited liability company and has a principal office in Houston, Texas. This Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.    Defendant Phillips 66 Partners LP is a foreign limited partnership with a principal office in Houston, Texas. This Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9.      Defendant Phillips 66 Partners GP, LLC is a foreign limited liability company with a principal office in Houston, Texas. This Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## V.

## FACTS

10.     On or about February 9, 2017, Plaintiff was working at and/or near the Williams Discovery natural-gas plant in Paradis, Louisiana. Plaintiff and other individuals were cleaning a section of pipeline by running a "pig" through the line. While Plaintiff was performing this work an explosion occurred that knocked him to the ground. The explosion resulted in a continuous, fiery blaze that lit Plaintiff on fire and blocked his only exit from the fenced area where he had been working. Plaintiff was then forced to climb a fence enclosing the area where he was working to escape the inferno. Given the circumstances and his serious condition Plaintiff was caused to fall from the fence to the ground. After scaling the fence, Plaintiff then made his way toward the highway where he was picked up and brought to the hospital. The fire at the facility was forty feet in width and height and continued to burn uncontrollably for three days, melting the vehicles and trailers parked near the fenced area.

11.     Plaintiff suffered substantial injuries and burns as a result of the incident. The intense and terrifying nature of Plaintiff's injuries have also resulted in severe mental pain and anguish. As a result of his injuries, Plaintiff is required to undergo substantial medical treatment.

# VI.

## CAUSES OF ACTION

### A.  *Negligence and gross negligence against all Defendants*

12.　　Plaintiff repeats and re-alleges each allegation contained above.

13.　　Plaintiff suffered severe injuries because of Defendants' negligence when Defendants:

- Failed to provide a safe work place for Plaintiff;

- Failed to maintain a safe working area for Plaintiff;

- Failed to warn Plaintiff of the dangerous condition of the work area;

- Failed to properly secure and maintain plant equipment;

- Failed to properly train its personnel and operators;

- Failed to provide adequate safety equipment and other PPE for Plaintiff;

- Failure to properly supervise their crew;

- Failure to provide proper instruction for the use of the equipment;

- Failure to detect that the equipment in question was inadequate and not fit for use;

- Violated applicable rules, standards, and regulations for the work being performed at the time of the incident;

- Violated other applicable rules, standards, and regulations for other work being performed in close proximity to the location of the incident that contributed to the incident;

4

- Failure to warn Plaintiff and others at the work site that the equipment in question was dangerous; and

- Other acts deemed to be negligent and grossly negligent.

14. Defendants owed a duty to Plaintiff consistent with the foregoing and breached each of those duties. These breaches were the cause-in-fact and proximate cause of Plaintiff's injuries.

15. Plaintiff sustain severe, excruciating injuries to his body as well as extreme mental pain and anguish. In all reasonably probability, Plaintiff's physical pain, physical impairment, and mental pain and anguish will continue indefinitely. Plaintiff has additionally suffered a loss of earnings in the past and will suffer a loss of future earning capacity as well. Moreover, Plaintiff has incurred and will incur pharmaceutical and medical expenses resulting from his injuries.

16. Specifically, as a direct and proximate result of Defendants' negligent and grossly negligent acts and/or omissions, Plaintiff suffered severe and debilitating injuries when an explosion and the ensuing inferno knocked him to the ground and set him on fire. Plaintiff's injuries have required, and will likely continue to require, extensive medical treatment. In short, Plaintiff has been damaged in a sum far exceeding the minimum jurisdictional limits of this Court.

17. Plaintiff is also entitled to exemplary damages because the aforementioned actions and/or omissions of Defendants amount to gross negligence. Defendants were subjectively aware of the risks posed to plaintiff and proceeded in conscious indifference to Plaintiff's safety and welfare. Also, Defendants' actions and/or inactions, viewed objectively,

subjected Plaintiff to an extreme degree of risk by requiring Plaintiff to open the valve of a pipe was not cleared of its volatile and hazardous contents.

18.     Defendants' employees, agents, or representatives were present on the date of the incident and were aware of the work being performed and the manner in which it was being performed. Defendants are liable for the negligent and grossly negligent acts of these employees, agents, or representatives through the theories of *respondeat superior* and ratification.

### B.  Plaintiff's claims for Premises Liability

19.     Plaintiff repeats and re-alleges each allegation contained above.

20.     At all material times, Defendants owned, occupied, and/or controlled the refinery where Plaintiff was injured. The area where Plaintiff and the other employees were working posed an unreasonable risk of harm due to the dangerous conditions that existed, and Defendants had actual knowledge or reasonably should have known of the unreasonably dangerous conditions. Specifically, Defendants knew that it was unreasonably dangerous to "pig" the pipelines that had not been cleared of highly volatile contents. Despite this knowledge, Defendants directed Plaintiff to carry out such a task.

21.     Plaintiff did not have knowledge of the unreasonably safe condition.

22.     Plaintiff was an invitee who entered the Defendants' premises with the knowledge of the Defendants and for their benefit. The Defendants had a duty to either warn Plaintiff of the unreasonably dangerous condition, or make the unreasonably dangerous condition reasonably safe.

23.     Defendants owed Plaintiff a duty consistent with the foregoing and breached each of those duties. These breaches were both the cause-in-fact and proximate cause of

Plaintiff's injuries. As a result of Defendants' negligence and gross negligence, Plaintiff suffered severe injuries and he is entitled to recover for them. Moreover, Defendants' actions and/or inactions were done with a reckless disregard to a substantial risk of severe bodily injury to Plaintiff. As such, Plaintiff is entitled to recover exemplary damages.

## VIII.

### JURY TRIAL

24.     Plaintiff hereby requests a trial by jury on all claims and submits his jury fee herewith.

## IX.

### PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiff show himself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks damages in excess of $1,000,000 and prays for relief and judgment, as follows:

- Compensatory damages against Defendants;

- Actual damages;

- Consequential damages;

- Pain and suffering;

- Exemplary damages;

- Past and future mental anguish;

7

- Past and future impairment;

- Past and future wage loss;

- Past and future medical costs;

- Interest on damages (pre-judgment and post-judgment) in accordance with the law;

- Costs of court;

- Expert witness fees;

- Cost of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.


Respectfully Submitted,

ARNOLD & ITKIN LLP

/s/Kurt B. Arnold
Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj D. Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland T. Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Alison Baimbridge
SBN: 24040160
abaimbridge@arnolditkin.com
6009 Memorial Drive
Houston, Texas  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

8