UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE CO. AND EXCESS UNDERWRITERS SUBSCRIBING SEVERALLY TO POLICY NO. TMU-407387<br><br>　　　　Plaintiff,<br><br>v.<br><br>PHILLIPS 66 COMPANY,<br><br>　　　　Defendant. | CASE NO. 17-cv-9318<br><br>JUDGE: ELDON E. FALLON<br><br>MAG.: JANIS VAN MEERVELD |

**PHILLIPS 66 COMPANY'S STATEMENT OF MATERIAL FACTS
NOT IN DISPUTE IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Phillips 66 Company ("Phillips 66") sets forth the following material facts that are not genuinely disputed in support of its Motion for Partial Summary Judgment that Atlantic Specialty Insurance Company ("Atlantic") owes a duty to defend Phillips 66 in the *Calloway* and *Jambon* Suits:

**I.     Atlantic's Obligations Under the Policy**

(1)     Atlantic issued Policy No. B5JH9075516 ("Atlantic Policy") to Blanchard as a Named Insured.[1]  The Atlantic Policy has a policy period of October 1, 2016 to October 1, 2017.[2]

---

[1] **Exhibit B**, Atlantic Policy, at BCI-000477.

[2] **Exhibit B**, Atlantic Policy, at BCI-000477.

1

(2)   The Atlantic Policy contains the following provision:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.[3]

(3)   The Atlantic Policy contains the following definitions:

> "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.[4]
>
> The word "Insured" means any person or organization qualifying as such under WHO IS AN INSURED (SECTION IV).[5]
>
> Section IV. of the policy (Who is an Insured) is amended to include any person or organization that you are obligated by an "insured contract" to include as Additional Insureds, but only with respect to liability arising out of "your work."[6]
>
> "Insured contract" means: . . . .
> That part of any other written contract or written agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.[7]
>
> "Suit" means a civil proceeding in which damage because of "bodily injury", "property damage," "personal injury" or "advertising injury" to which this insurance applies are alleged.[8]
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us," and "our" refer to the company or companies providing this insurance.[9]
>
> "Your work" means:
>
> a.  Work or operations performed by you or on your behalf; and
>
> b.  Materials, parts or equipment furnished in connection with such work or operations.[10]

---

[3] **Exhibit B**, Atlantic Policy, at BCI-000480.

[4] **Exhibit B**, Atlantic Policy, at BCI-000500.

[5] **Exhibit B**, Atlantic Policy, at BCI-000508.

[6] **Exhibit B**, Atlantic Policy, at BCI-000480.

[7] **Exhibit B**, Atlantic Policy, at BCI-000501 – 502.

[8] **Exhibit B**, Atlantic Policy, at BCI-000505.

[9] **Exhibit B**, Atlantic Policy, at BCI-000480.

...

## II. Blanchard's Obligations Under the Master Services Agreement

(4) On November 17, 2016, Phillips 66 and Blanchard entered into USA Master Services Agreement No. CW2291283 ("MSA").[11]

(5) The MSA contains the following provisions:

> 18.1.2. PERSONNEL OF CONTRACTOR AND SUBCONTRACTORS. CONTRACTOR SHALL INDEMNIFY EACH OF THE COMPANY INDEMNITEES FROM AND AGAINST ANY AND ALL CLAIMS ARISING OUT OF OR RELATED IN ANY WAY TO PERSONAL INJURY OF THE EMPLOYEES OR OFFICERS OF THE CONTRACTOR INDEMNITEES ARISING OUT OF OR OCCURRING IN CONNECTION WITH A SERVICE ORDER, REGARDLESS OF THE TIMING OR NATURE OR STYLE OF SUCH CLAIMS AND REGARDLESS OF THE IDENTITY OF THE CLAIMANT INCLUDING, BUT NOT LIMITED TO, THE EMPLOYEE OR OFFICER HIMSELF AND THEIR RESPECTIVE REPRESENTATIVES, AGENTS, HEIRS, BENEFICIARIES, ASSIGNS AND FAMILY MEMBERS.

\* \* \* \*

> 19.1. Insurance Requirements
>
> Contractor agrees to maintain insurance of the types and with limits of liability not less than those set forth below, at its expense, from insurers reasonably acceptable to Company covering items, risks and operations required to fulfill the Agreement and the Service Orders.

\* \* \* \*

> 19.1.3. Commercial General Liability insurance, including contractual liability coverage, with a limit not less than One Million United States dollars ($1,000,000) any one occurrence. Such insurance shall include sudden and accidental pollution liability coverage.

\* \* \* \*

---

[10] **Exhibit B**, Atlantic Policy, at BCI-000505.

[11] **Exhibit A**, Declaration of Mr. Todd Denton, and attachment A-1, USA Masters Services Agreement with Blanchard.

14426620_3.docx

19.4. Waiver of Subrogation and Additional Insured

The policies under Articles 19.1.3 through 19.1.6 above shall show each of the Company Indemnitees as additional insureds to the extent of the risks and liabilities assumed by Contractor under this Agreement and/or any Service Order and shall contain a provision that any breach by Contractor of any warranty, covenant, or representation in any of the policies shall not prejudice any claim by the additional insureds. Further, all insurance policies obtained by Contractor (including those described in Articles 19.1 and 19.2 and those with respect to Contractor's equipment) shall contain a waiver of subrogation in favor of each of the Company Indemnitees to the extent of the risks and liabilities assumed by Contractor under this Agreement and/or any Service Order. Likewise, all insurance policies obtained by Company or its Affiliates that are relevant to this Agreement or a Service Order hereunder shall contain a waiver of subrogation in favor of Contractor to the extent of the liabilities assumed by Company under this Agreement and/or the applicable Service Order. [12]

(6) The MSA contains the following definitions:

"Claims" shall mean causes of action, claims, suits, losses, liabilities, fines, penalties, costs, damages, judgments, awards and expenses, including, but not limited to, court costs and reasonable attorneys' fees.

"Company" shall have the meaning provided in the first paragraph of this Agreement where the term is used in relation to this Agreement and/ not to a specific Service Order. Where the term is used with regard to responsibilities, rights and obligations under an individual Service Order, "Company" shall mean the entity identified as "Company" in that Service Order.

"Company Indemnitees" shall mean Company and any of its Affiliates and Coventurers who are participants in the project to which the Work relates.

"Contractor" shall have the meaning provided in the first paragraph of this Agreement where the term is used in relation to this Agreement and not to a specific Service Order. Where the term is used with regard to responsibilities, rights and obligations under an individual Service Order, "Contractor" shall mean the entity identified as "Contractor" in that Service Order.

"Contractor Indemnitees" shall mean Contractor and its subcontractors and any of their respective Affiliates that are involved in the Work or in the project for which the Work is provided.

"Indemnify" or "Indemnification" shall mean defend, release, indemnify and hold harmless.

"Personal Injury" shall mean any injury suffered by a natural person including death, sickness, ill health, disease, and mental anguish, distress or injury. [13]

---

[12] **Exhibit A**, Declaration of Mr. Todd Denton, and attachment A-1, USA Masters Services Agreement with Blanchard.

4

14426620_3.docx

### III. The Service Order

(7) On January 26, 2017, an affiliate of Phillips 66 issued Service Order No. 4523432638 ("Service Order") to Blanchard.[14] The Service Order stated that it was "issued in accordance with the terms and conditions in Master Service Agreement CW2291283," and required "Blanchard Contractors to provide labor and materials for RV60 ILI tool runs" regarding the "RV-60 (VP01) 20in Pipeline Pigging Project" ("Pipeline") in Paradis, Louisiana.[15]

### IV. The Incident

(8) On February 9, 2017, an explosion and fire occurred on a segment of the Pipeline near the "Williams Discovery" plant.[16]

### V. The *Calloway* Suit

(9) On June 23, 2017, Desmond Calloway ("Mr. Calloway"), an employee of Blanchard, filed suit against Phillips 66 in the District Court of Harris County, Texas, Civil Action Number 2017-42198, alleging that he sustained personal injuries, including severe burns, while performing maintenance on the Pipeline at the time of the explosion and fire ("*Calloway* Suit").[17]

---

[13] **Exhibit A**, Declaration of Mr. Todd Denton, and attachment A-1, USA Masters Services Agreement with Blanchard.

[14] **Exhibit A**, Declaration of Mr. Todd Denton, ¶ 1, and attached A-2, Service Order.

[15] **Exhibit A**, Declaration of Mr. Todd Denton, ¶ 1, and attached A-2, Service Order.

[16] Complaint (Doc. 1) at ¶ 12; **Exhibit A**, Declaration of Mr. Todd Denton, ¶¶ 1, 3.

[17] Complaint (Doc. 1) at ¶ 13; **Exhibit C**, Calloway Petition.

5

(10)   Mr. Calloway's petition alleged that Phillips 66 was liable for the negligent acts of its employees, agents, or representatives for the injuries he sustained as a result of the explosion and fire.[18]

(11)   A true and correct copy of Mr. Calloway's petition is attached hereto as Exhibit C.

## VI.   The *Jambon* Suit

(12)   On June 28, 2017, Jacob Jambon ("Mr. Jambon"), an employee of Blanchard, intervened in the *Calloway* Suit and asserted claims for personal injuries, including severe burns, against Phillips 66 which he alleges to have incurred while performing maintenance on the Pipeline on February 9, 2017 ("*Jambon* Suit").[19]

(13)   Mr. Jambon's petition alleged that Phillips 66, acting individually, or by and through agents, officers, directors, servants, and employees, was negligent and, therefore, liable for the injuries he sustained as a result of the explosion and fire.[20]

(14)   A true and correct copy of Mr. Jambon's petition is attached hereto as Exhibit D.

## VII.   No Unambiguous Exclusion of Coverage under the Atlantic Policy.

(15)   The allegations in Mr. Calloway's and Mr. Jambon's petitions are not unambiguously excluded from coverage under the Atlantic Policy.[21]

---

[18] **Exhibit C**, *Calloway* Petition, at ¶ 18.

[19] Complaint (Doc. 1) at ¶ 14; **Exhibit D**, *Jambon* Petition.

[20] **Exhibit D**, *Jambon* Petition, at ¶¶ 17, 19 – 27.

[21] *See* **Exhibits A, C, & E**, Atlantic Policy, *Calloway* Petition, *Jambon* Petition.

Respectfully Submitted:

*/s/ Michael deBarros*
Glenn M. Farnet (#20185) [Lead Attorney]
glenn.farnet@keanmiller.com
John F. Jakuback (#21643)
john.jakuback@keanmiller.com
Michael deBarros (#32422)
michael.debarros@keanmiller.com
KEAN MILLER LLP
400 Convention St., Suite 700
Baton Rouge, LA 70802
Telephone: 225-387-0999
Facsimile: 225-388-9133

***Counsel for Phillips 66 Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 10th day of April, 2018.

*/s/ Michael deBarros*
Michael J. deBarros
