6/28/2017 11:43 AM
Chris Daniel - District Clerk Harris County
Envelope No. 17887495
By: Marcella Hill
Filed: 6/28/2017 11:43 AM

CAUSE NO. 2017-42198

| | | |
|---|---|---|
| DESMOND CALLOWAY,<br><br>Plaintiff,<br><br>JACOB JAMBON,<br><br>Intervenor,<br><br>V.<br><br>PHILLIPS 66 COMPANY,<br>CHEVRON MIDSTREAM PIPELINES, LLC,<br>PHILLIPS 66 PARTNERS HOLDINGS, LLC,<br>PHILLIPS 66 PARTNERS, LP,<br>PHILLIPS 66 PARTNERS GP LLC, and<br>PHILLIPS 66 PIPELINE LLC,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br>11TH JUDICIAL DISTRICT |

**INTERVENOR JACOB JAMBON'S**
**ORIGINAL PETITION IN INTERVENTION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Texas Rule of Civil Procedure 60, Intervenor, Jacob Jambon, files this Original Petition in Intervention and Request for Disclosure, complaining of the acts and omissions of Defendants, Phillips 66 Company, Chevron Midstream Pipeline, LLC, Phillips 66 Partners Holdings LLC, Phillips 66 Partners, LP, Phillips 66 Partners GP, LLC, and Phillips 66 Pipeline LLC, and respectfully show the Court as follows:

## I.
## DISCOVERY LEVEL

1. Intervenor requests that discovery in this matter be conducted under Level 3 of the Texas Rules of Civil Procedure.



Exhibit D

## II.
## PARTIES & SERVICE

2. Intervenor, Desmond Calloway, is a resident of Louisiana.

3. Intervenor, Jacob Jambon, is an individual and resident of Louisiana. He may be contacted through his undersigned counsel at Zehl & Associates, PC.

4. Defendant, Phillips 66 Company, is a foreign corporation registered to do business in Texas, conducting a substantial amount of business in Texas on a continuing and systematic basis, and maintaining its headquarters and principal place of business at 2331 Citywest Blvd., Houston, Harris County, Texas 77042. This defendant is thus a Texas citizen. *See* 28 U.S.C. § 1332(c)(1). This Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701. Intervenor requests a citation.

5. Defendant Chevron Midstream Pipelines LLC is a foreign limited liability company that has a principal office in California, is registered to do business in Texas, and conducts a substantial amount of business in Texas on a continuing and systematic basis. This defendant may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701. Intervenor requests a citation.

6. Defendant, Phillips 66 Partners Holdings LLC is a foreign limited liability company registered to do business in Texas, conducting a substantial amount of business in Texas on a continuing and systematic basis, and maintaining its headquarters and principal place of business at 2331 Citywest Blvd., Houston, Harris County, Texas 77042. This Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701. Intervenor requests a citation.

7. Defendant, Phillips 66 Partners, LP, is a foreign limited partnership registered to do business in Texas, conducting a substantial amount of business in Texas on a continuing and systematic basis, and maintaining its headquarters and principal place of business at 2331 Citywest Blvd., Houston, Harris County, Texas 77042. This defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701. Intervenor requests a citation.

8. Defendant, Phillips 66 Partners GP, LLC is a foreign limited partnership registered to do business in Texas, conducting a substantial amount of business in Texas on a continuing and systematic basis, and maintaining its headquarters and principal place of business at 2331 Citywest Blvd., Houston, Harris County, Texas 77042. This defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701. Intervenor requests a citation.

9. Defendant, Phillips 66 Pipeline LLC, is a foreign limited liability company registered to do business in Texas, conducting a substantial amount of business in Texas on a continuing and systematic basis, and maintaining its headquarters and principal place of business at 2331 Citywest Blvd., Houston, Harris County, Texas 77042. This defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701. Intervenor requests a citation.

## III.
## JURISDICTION & VENUE

10. The subject matter in controversy is within the jurisdictional limits of this court.

11. This court has personal jurisdiction over Defendants because they are licensed to do business in the State of Texas, conduct business on a regular and systematic basis in the State of Texas, are citizens of and/or have principal places of business in the State of Texas.

12. All other jurisdictional prerequisites and conditions precedent to suit have been met.

13. This action cannot be removed to federal court because one or more of the Defendants are citizens of the State of Texas, the proper forum. *See* 28 U.S.C. § 1441(b)(2).

14. Venue is proper in Harris County under section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because on or more of the Defendants have principal offices in this county. Further, the State of Texas and the Venue of Harris County are a convenient forum and venue to all Defendants, maintaining this litigation in this forum and venue would not work a substantial injustice on them, and the interests of justice dictate that this litigation be maintained in this forum and venue.

## IV.
## FACTS

15. This case arises out of severe injuries to Intervenor, Jacob Jambon, that resulted from Defendants' gross negligence. On or about February 9, 2017, Intervenor was assisting in "pigging" operations to clean the portion of the Phillips 66 pipeline in or around Paradis, Louisiana near the Williams Discovery natural gas plant. Suddenly and without warning, an explosion occurred in or around the work area. This resulted in severe injuries to Intervenor, including severe burns to much of his body and severe emotional trauma. Intervenor has undergone substantial necessary medical treatment for these injuries and, in all likelihood, will continue to require substantial medical treatment on a continuing basis in the future.

## V.
## RESPONDEAT SUPERIOR

16. Intervenor incorporates all other paragraphs by reference here fully.

17. Whenever in this Petition it is alleged that Defendant(s) did or failed to do any particular act and/or omission, it is meant that Defendant(s), acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendant(s), and in furtherance of Defendant's(s') business. Pursuant to Texas Rule of Civil Procedure 28, any entity doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

18. Therefore, under the doctrine of respondeat superior, Defendant(s) is vicariously liable for the acts and omissions of its agents, officers, directors, servants, and employees in the course and scope of their employment, further outlined elsewhere in this petition and incorporated by reference here fully.

## VI.
## NEGLIGENCE OF DEFENDANTS

19. Intervenor incorporates all other paragraphs by reference here fully.

20. Intervenor would show that Defendants had control over the premises, instrumentality, and/or activity in question, as further described above, and thus had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

21. The negligent, careless, and reckless disregard and breach of this duty consisted of, but is not limited to, the following acts and omissions:

a. failing to perform operations in a safe, reasonable, and prudent manner as a reasonable person would have under the same or similar circumstances;

b. failing to maintain, follow, or enforce policies and procedure for safe operations;

c. failing to adequately warn of or make safe dangers or conditions of which Defendants had actual knowledge;

d. failing to properly train, supervise, monitor, and retain employees;

e. failing to provide safe work place for Intervenor;

f. failing to detect that the equipment in question was inadequate and not fit for use;

g. failing to use ordinary care as a reasonable person would under the same or similar circumstances;

h. failing to maintain and provide proper, safe equipment;

i. such additional acts of negligence, which will be established as the case progresses.

22. Intervenor's injuries were proximately caused by Defendant's negligent, careless and reckless disregard and breached of these duties.

## VII.
## GROSS NEGLIGENCE OF DEFENDANTS

23. Intervenor incorporates all other paragraphs by reference here fully.

24. Intervenor alleges that, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Intervenor and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Intervenor and others. Defendants had actual knowledge that it was unreasonably and extremely dangerous to pig the pipeline that had not been cleared of highly volatile contents.

Defendants consciously disregarded this extreme risk of harm by requiring Intervenor to work under these conditions.

25. Intervenor further alleges that the injuries and damages that Intervenor sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, officers, and representatives in the course of employment for said Defendants.

26. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## VIII.
## DAMAGES

27. As a direct and proximate result of the accident and negligence described above, Intervenor sustained the following injuries and damages, which far exceed the minimum jurisdictional limits of this Court:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Intervenor for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

e. Physical impairment in the past;

f. Physical impairment which, in all reasonable probability, will be suffered in the future;

g. Mental anguish in the past;

h. Mental anguish which, in all reasonable probability, will be suffered in the future;

i. Loss of earnings and/or earning capacity in the past;

j. Loss of earning capacity, which, in all probability, will be incurred in the future;

k. Disfigurement in the past and future;

l. Cost of medical monitoring and prevention in the future;

m. Exemplary damages;

n. All other damages to which Intervenors may be justly entitled and that may be shown through discovery and trial of this case.

## IX.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

28. Pursuant to Texas Rule of Civil Procedure 193.7, Intervenor hereby gives notice that he intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have produced in response to Intervenor's written discovery requests and all documents Intervenor has produced in response to Defendants' written discovery requests.

## X.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

29. Intervenor prefers to have the jury determine the fair amount of compensation for Intervenor's damages. It is early in the case to be assessing the full nature and scope of Intervenor's injuries, and Intervenor places the decision regarding the amount of compensation to be awarded in the jury's hands.

30. Rule 47 of the Texas Rules of Civil Procedure, however, *requires* Intervenor to provide a statement regarding the amount of monetary relief sought. Accordingly, Intervenor

states that monetary relief of over $1,000,000, in amount to be determined by the jury, is being sought.

**XI.**
**REQUEST FOR DISCLOSURE**

31. Pursuant to Texas Rule of Civil Procedure 194, Intervenor hereby requests that Defendants disclose and produce the information or material described in Rule 194.2(a)–(l).

**XII.**
**JURY TRIAL REQUESTED**

32. Intervenors hereby request a jury trial of this matter and has paid the appropriate jury fee.

**XIII.**
**CONCLUSION & PRAYER**

For these reasons, Intervenor respectfully prays that the Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Intervenor against Defendants for damages in an amount within the jurisdictional limits of the Court; for exemplary damages; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Intervenor may be entitled at law or in equity.

Respectfully submitted,

*/s/ Ryan H. Zehl*

Ryan H. Zehl
rzehl@zehllaw.com
Texas State Bar No. 24047166
Kevin C. Haynes
khaynes@zehllaw.com
Texas State Bar No. 24055639
Matt L. Martin
mmartin@zehllaw.com
Texas State Bar No. 24090246
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.491.6064
Facsimile 713.583.8545

**ATTORNEYS FOR INTERVENOR, JACOB JAMBON**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of the Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been forwarded to all counsel of record on this 28th day of June 2017 as follows:

Kurt B. Arnold—***via electronic service***
Caj D. Boatright
Roland T. Christensen
Alison Baimbridge
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007

*/s/ Ryan H. Zehl*
Ryan H. Zehl