UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ATLANTIC SPECIALTY INSURANCE CO AND EXCESS UNDERWRITERS SUBSCRIBING SEVERALLY TO POLICY NO. TMU-407387 | § § § § § | Case No. 17-cv-9318 |
| | | Judge: Hon. Eldon D. Fallon |
| Plaintiff | § § | |
| | § | Mag: Hon. Janis Van Meerveld |
| v. | § § | |
| PHILLIPS 66 COMPANY | § § § | |
| Defendant | § | |

**Memorandum in support of motion for Summary Judgment on insurance coverage**

Atlantic Specialty moves this Court for summary judgment, holding that Atlantic Specialty has no duty to defend or indemnify Phillips 66 because any such obligation is void under La. R.S. 9:2780.1, the LAIA. Atlantic Specialty incorporates by reference its opposition to Phillips 66's motion for summary judgment on duty of defense.

**1. Phillips 66's claim must fail under the LAIA.**

The LAIA voids liability insurance in support of the indemnity obligations. It provides, at (C):

> Notwithstanding any provision of law to the contrary and except as otherwise provided in this Section, any provision, clause, covenant, or agreement contained in, collateral to, or affecting a motor carrier transportation contract or construction contract which purports to require an indemnitor to procure liability insurance covering the acts or omissions or both of the indemnitee, its employees or agents, or the acts or omissions of a third party over whom the indemnitor has no control is null, void, and unenforceable. However, nothing in this Section shall be construed to prevent the indemnitee from requiring the indemnitor to provide proof of insurance for obligations covered by the contract.

1

For the reasons explained in Blanchard's motion for summary judgment on indemnity, the Phillips 66 / Blanchard MSA that forms the basis of Phillips 66's claim is a "construction contract" within the meaning of the statute. As such, the plain text of the statute renders Phillips 66's claim to additional insured status "null, void, and unenforceable." Therefore, Phillips 66 is not, and cannot be, entitled to additional insured status, to a defense, or to indemnity from Atlantic Specialty, and summary judgment is appropriate.

Atlantic Specialty anticipates that Phillips 66 will concede that if the LAIA applies, Phillips 66 is not entitled to additional insured status under Paragraph C. Instead, Phillips 66 may argue for the application of Section I, which provides a narrow escape hatch, allowing for additional insured status when paid-for by the additional insured – in effect, a codified version of the *Marcel* exception from the LOAIA. Section I provides:

> I. Nothing in this Section shall invalidate or prohibit the enforcement of the following:
>
> (1) Any clause in a construction contract containing the indemnitor's promise to indemnify, defend, or hold harmless the indemnitee or an agent or employee of the indemnitee if the contract also requires the indemnitor to obtain insurance to insure the obligation to indemnify, defend, or hold harmless and there is evidence that the indemnitor recovered the cost of the required insurance in the contract price. However, the indemnitor's liability under such clause shall be limited to the amount of the proceeds that were payable under the insurance policy or policies that the indemnitor was required to obtain.
>
> (2) Any clause in a construction contract that requires the indemnitor to procure insurance or name the indemnitee as an additional insured on the indemnitor's policy of insurance, but only to the extent that such additional insurance coverage provides coverage for liability due to an obligation to indemnify, defend, or hold harmless authorized pursuant to Paragraph (1) of this Subsection, provided that such insurance coverage is provided only when the indemnitor is at least partially at fault or otherwise liable for damages ex delicto or quasi ex delicto.

Atlantic Specialty anticipates Phillips 66 will argue it paid for "the cost of the required insurance in the contract price." This argument should fail. Not only did Phillips 66 not pay for any additional insured premium, Phillips 66's MSA expressly provides that Blanchard must pay for the additional premium.

1. **The meaning of I(1) and (2)**

I(1) and (2), together, provide a narrow, limited escape where a would-be indemnitor (but for the operation of the LAIA) can be an additional insured. The two paragraphs must be read in conjunction: I(1) allows for contractual provisions allowing for defense and indemnity, but only if (a) the contract also requires the indemnitor to obtain insurance to insure the obligation to indemnify, defend, or hold harmless, (b) "there is evidence the indemnitor recovered the cost of the required insurance in the contract," and (c) even if both (a) and (b) are complied with, the indemnity must be coextensive with insurance. I(2) addresses insurance. It allows for additional insured provisions, but only to the extent that additional insured provision is authorized pursuant to Paragraph 1, and the indemnitor must be 1% or more at fault.

Taken together, the only coherent reading of (I) is a codified, stronger version of the *Marcel* exception, first recognized in *Marcel v. Placid Oil Co.*, 11 F.3d 563 (5th Cir. 1994). The LAIA is a broad prohibition on indemnity, and on insurance supporting indemnity. Indemnity and additional insured provisions are valid and enforceable, but only if the indemnitee pays for the additional premium (I(1)), and if the indemnitor is at least 1% at fault (I(2)). Applied here, whether Blanchard is 1% at fault is obviously a fact question at this juncture. But Phillips 66 did not pay the *Marcel* premium, so summary judgment is proper for Atlantic Specialty.

Atlantic Specialty anticipates Phillips 66 will argue that Phillips 66 did pay for insurance, it just did so remotely, included in the contract price. The work order provides:

> This Service Order pertains to furnishing labor, tools, materials, equipment, transportation, supervision, and **insurance** to provide the services described in this Service Order as directed by Company authorized Representative. (emphasis added.)

Oil companies tried the same gambit to get around *Marcel*, but it was properly rejected. In *Hodgen v. Forest Oil Corp.*, 87 F.3d 1512 (5th Cir. 1996), the indemnitee argued *Marcel* applied because the named insured – there, Operators & Consulting Services, Inc., here, Blanchard – had the same premium regardless of the number of additional insureds. Second, the indemnitee / additional insured had a "working policy" allowing its contractors like OCS to factor the cost of naming the indemnitee into the contract price. *Id*. The Fifth Circuit properly rejected both arguments. Only if the indemnitee itself pays for 100% of the premium to be named as additional insured does *Marcel* apply. *Id.* at 1529. Explaining, the Court ruled: "Accepting Forest's argument that OCS could raise its price according to the amount necessary to cover its insurance costs would gut the LOIA, since all contractors will take this economically necessary step. The fact that the premiums did not vary according to the identity of the additional insured does not change the fact that these premiums were paid, and that OCS paid them." *Id.* Similarly, the *Marcel* court ruled that the indemnitee must pay completely for the premium to add it as additional insured. *Marcel*, 11 F.3d at 570. ("In approving this exception, however, we stress that the exception does not apply if any material part of the cost of insuring the indemnitee is borne by the independent contractor procuring the insurance coverage.") The same result should follow here. It is not enough for Phillips 66 to put in a service order that it pertains to furnishing insurance.

Explained above, the LAIA's text, and the significant body of LOAIA case law, establishes that merely stating a service order covers the cost of insurance is inadequate to fit through the LAIA's narrow escape hatch for additional insured coverage. Here, the text of the MSA establishes that Phillips 66 did not try to fit through the hatch because the MSA provides that additional

4

insured obligations are at cost to Blanchard, not Phillips 66. Phillips 66's purchase order notes that in the event of a conflict, the purchase order is subsidiary to the MSA.[1]

The MSA, Paragraph 19 (Insurance), requires Contractor (Blanchard) "to maintain insurance of the types and with limits of liability not less than those set forth below, **at its expense**." (emphasis added.) Phillips 66 is clear that the expense of carrying the insurance is Blanchard's, which violates the LAIA. Therefore Phillips 66 cannot be an additional insured.

The LAIA escape hatch in I(1) should also be read to effect the purpose of the statute.[2] If the LAIA's I(1) escape hatch solely required that the indemnitee/additional insured pay more in additional insurance premium than the price of the contract, it would, in effect, eviscerate the LAIA, and it would run contrary to the text of the statute. Instead, for the indemnitee to avail itself of the escape hatch in (I), the contract must "require[] the indemnitor to obtain insurance to insure the obligation to indemnify" and there must be "evidence that the indemnitor recovered the cost of the required insurance in the contract price." That requires, at a minimum, a showing that the indemnitor obtained a quote for adding the indemnitee as additional insured, passed that quote to the indemnitee, and the indemnitee paid that amount in full. That complies with I(1). Then, to comply with I(2), there also must be proof that the indemnitee is 1% or more at fault. Otherwise, "the required insurance" language in I(1) is meaningless – if this paragraph were complied-with because there were just evidence that Blanchard was paid more than it cost Blanchard to get insurance, then the statute would not reference anything about "required insurance," or about "obtaining insurance to insure the obligation to indemnify." Those only make sense in light of a

---

[1] "This Service Order is issued in accordance with the terms and conditions in Master Service Agreement CW2291283-MSA-MID- BLANCHARD CONTRACTORS. Where there are conflicts, precedence shall be given to the aforementioned Agreement."
[2] See *Stone v. Caplan (Matter of Stone),* 10 F.3d 285, 289 (5th Cir.1994) ("Indisputably, the goal of statutory construction is to ascertain legislative intent through the plain language of a statute— without looking to legislative history or other extraneous sources."); Robert A. Katzmann, *Judging Statutes* 31 (2016). ("[L]egislation is a purposive act, and judges should construe statutes to execute that legislative purpose.")

separate, discrete package of insurance obtained by the indemnitor, for the benefit of the indemnitee, paid-for by the indemnitee.

Furthermore, if Section I of the LAIA were given such a broad reading, such that the contract price exceeding the cost to add the indemnitee as additional insured made indemnity acceptable, the exception would swallow the rule. No contractor would take job where the additional insurance expense exceeded the profit from the job. Ostensibly, the contractor would need to cover expenses – wages, materials, and its own insurance, then some share of fixed overhead, then profit – before it would take a job. If the indemnitee could just claim that the contract price exceeded the one of those expenses, the LAIA's prohibition on additional insured provisions supporting indemnity would, in effect, disappear.

The better reading is that Section I codifies *Marcel*, then goes further. First, I(1) requires the indemnitee to pay for the additional cost to be named as additional insured. Evidence of this would be an invoice from the broker or the underwriter for that cost, and further proof that it had been paid by the indemnitee/additional insured. Second, I(2) requires more. Not only must the indemnitee pay for its coverage, that coverage is only effective if the indemnitee has some fault. Here, competent summary judgment evidence – the MSA – establishes that Blanchard was required to bear the cost to add Phillips 66 as additional insured. The additional insured obligations are invalid under the LAIA, and Phillips did not make an effort to crawl through the Section I escape hatch. Therefore, summary judgment is appropriate on defense and indemnity.

## Conclusion

Atlantic Specialty moves this Court for summary judgment, dismissing the claims of Phillips 66 with prejudice. Under the LAIA, Phillips 66 is not entitled to either defense or indemnity under the Atlantic Specialty policy.

Respectfully submitted,

**HARRIS & RUFTY,**

/S/ ALFRED J. RUFTY, III
_____
RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, JR. (#19990)
CINDY G. MARTIN (#25159)
HARRIS & RUFTY, L.L.C.
650 Poydras Street, Suite 2710 New Orleans, Louisiana 70130
Telephone: (504) 525-7500
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record through the CM/ECF system, this 5th day of June, 2018.