UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE CO. AND EXCESS UNDERWRITERS SUBSCRIBING SEVERALLY TO POLICY NO. TMU-407387<br><br>         Plaintiff,<br><br>v.<br><br>PHILLIPS 66 COMPANY,<br><br>         Defendant. | CASE NO. 17-cv-9318<br><br>JUDGE: ELDON E. FALLON<br><br>MAG.: JANIS VAN MEERVELD |

**PHILLIPS 66 COMPANY'S MEMORANDUM IN OPPOSITION TO ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT (REC. DOC. 30)**

Phillips 66 Company ("Phillips 66") submits this memorandum in opposition to Atlantic Specialty Insurance Company's ("Atlantic") "Motion for Summary Judgment on Insurance Coverage" (Rec. Doc. 30) ("Motion"). The Motion should be denied because:

(1) Atlantic has failed to establish that there is no genuine issue of material fact;

(2) Atlantic has failed to establish that based on the undisputed facts, Atlantic is entitled to judgment as a matter of law;[1]

(3) Atlantic has failed to "come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial;"[2] and

---

[1] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).

1

15459495_1.docx

(4) Phillips 66 has submitted undisputed facts which show that La. R.S. 9:2780.1 does not apply[3] and that Atlantic owes Phillips 66 a duty to defend.[4]

With respect to Atlantic's request for a summary judgment that it owes no duty to defend Phillips 66, Atlantic has not and cannot prove that the *Calloway* and *Jambon* petitions did not disclose a possibility of liability under its Policy.[5] Thus, summary judgment in **Phillips 66's favor** is warranted on that issue.[6]

With respect to Atlantic's request for a summary judgment that it owes no duty to indemnify Phillips 66, that Motion should be denied because Atlantic has failed to establish that the VP01 Pipeline *is* "a building, structure, highway, road, bridge, water line, sewer line, oil line, gas line, appurtenance, or other improvement to real property;"[7]

---

[2] If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F. 2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

Atlantic bears the burden of proof at trial of showing that the MSA is invalid. *See, e.g., Marcel v. Placid Oil Co.*, 11 F.3d 563, 570 (5th Cir. 1994) (" as the party requesting summary judgment, had the burden of demonstrating that the insurance agreement was void under the LOIA and that there was no fact issue regarding any economic burden on").

Also, Atlantic's contention that the MSA is invalid is an affirmative defense and, "[w]hen summary judgment is sought on an affirmative defense, as here, the movant 'must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.'" *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017) (emphasis in original).

[3] *See* Phillips 66's Material Fact Nos. 1 – 6 in "Phillips 66 Company's Response to Atlantic Specialty Insurance Company's Statement of Uncontested Facts," submitted in conjunction with this opposition.

[4] *See* Phillips 66's Motion for Partial Summary Judgment on Atlantic's Duty to Defend (Rec. Doc. 21), and the materials filed therewith.

[5] *Arceneaux v. Amstar Corp.*, 2015-0588 (La. 9/7/16), 200 So.3d 277, 282 ("the duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy.").

[6] *See* n. 4, *supra*. To the extent Atlantic relies on facts or evidence beyond the Policy, the *Calloway* and *Jambon* petitions, and the MSA, Phillips 66 objects to consideration of such facts and evidence as they are irrelevant to, and cannot be considered with, Atlantic's Motion on its duty to defend. *See American Home Assurance Company v. Czarniecki*, 255 La. 251, 230 So.2d 253 (1969); *Lexington Ins. Co. v. St. Bernard Par. Gov't*, 548 Fed. Appx. 176, 180 (5th Cir. 2013); *Vaughn v. Franklin*, 785 So.2d 79, 85 (La. App. 1st Cir. 2001).

[7] La. R.S. 9:2780.1(A)(2)(a).

15459495_1.docx

and *is not* a gas gathering line "used in association with the transportation of production from oil and gas wells from the point that oil and gas becomes co-mingled for transportation to oil storage facilities or gas transmission lines."[8] Both of those crucial elements must be proven before Atlantic prevails on its claim that its policy obligations are void under La. R.S. 9:2780.1, yet **Atlantic has introduced no relevant factual information at all about the VP01 Pipeline to support its Motion**. Accordingly, a summary judgment in Atlantic's favor that La. R.S. 9:2780.1 voids its duty to indemnify Phillips 66 is clearly inappropriate.

Because Atlantic failed to meet its initial burden of establishing that La. R.S. 9:2780.1 applies, there is no need for the Court to consider whether the *Marcel*[9] *exception* to La. R.S. 9:2780.1 applies, and Atlantic's motion should be denied.

In further opposition to Atlantic's Motion, Phillips 66 incorporates herein its Motion for Partial Summary Judgment on the Applicability of La. R.S. 9:2780.1 (Rec. Doc. 20), its Motion for Partial Summary Judgment on Atlantic's Duty to Defend (Rec. Doc. 21), and all materials filed by Phillips 66 in conjunction with both of those motions.

Respectfully Submitted:

  */s/ Michael deBarros*
Glenn M. Farnet (#20185) [Lead Attorney]
glenn.farnet@keanmiller.com
John F. Jakuback (#21643)
john.jakuback@keanmiller.com
Michael deBarros (#32422)
michael.debarros@keanmiller.com
KEAN MILLER LLP

---

[8] La. R.S. 9:2780.1(A)(2)(b)(ii).

[9] *Marcel v. Placid Oil Co.*, 11 F.3d 563, 565 (5th Cir.1994).

15459495_1.docx

          400 Convention St., Suite 700
          Baton Rouge, LA 70802
          Telephone: 225-387-0999
          Facsimile: 225-388-9133

***Counsel for Phillips 66 Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 12th day of June, 2018.

          */s/ Michael deBarros*
          Michael J. deBarros

15459495_1.docx