UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE CO. AND EXCESS UNDERWRITERS SUBSCRIBING SEVERALLY TO POLICY NO. TMU-407387<br><br>　　　　Plaintiff,<br><br>v.<br><br>PHILLIPS 66 COMPANY,<br><br>　　　　Defendant. | CASE NO. 17-cv-9318<br><br>JUDGE: ELDON E. FALLON<br><br>MAG.: JANIS VAN MEERVELD |

**PHILLIPS 66 COMPANY'S MEMORANDUM IN OPPOSITION TO BLANCHARD CONTRACTORS, INC.'S MOTION FOR SUMMARY JUDGMENT (REC. DOC. 32)**

Phillips 66 Company ("Phillips 66") submits this memorandum in opposition to Blanchard Contractors, Inc.'s ("Blanchard") "Motion for Summary Judgment on La. R.S. 9:2780.1" (Rec. Doc. 32) ("Motion"). Blanchard's Motion should be denied because:

(1) Blanchard's interpretation of La. R.S. 9:2780.1 is contrary to 9:2780.1(E), *Johnson v. Amoco Prod. Co.*, 5 F. 3d 949 (5th Cir. 1993), *Clarkco Contractors, Inc. v. Texas Eastern Gas Pipeline*, 615 F. Supp. 775 (M.D. La. 1985), and a host of other cases and cannot be accepted;

(2) Blanchard failed to establish that there is no genuine issue of material fact;[1]

---

[1] Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

1

15574497_1.docx

(3) Blanchard failed to establish that it is entitled to judgment as a matter of law based on the undisputed facts;[2] and

(4) Phillips 66 has submitted undisputed facts which show that La. R.S. 9:2780.1 cannot apply to the Master Service Agreement ("MSA") and the associated Service Order.[3]

## I.  Argument

La. R.S. 9:2780.1 makes very clear that a party is not entitled to use 9:2780.1 to expand or alter the scope of the anti-indemnity provisions in 9:2780. In that vein, La. R.S. 9:2780.1(E) expressly provides that:

> "The provisions of this Section [9:2780.1] are not intended to, nor shall they be judicially interpreted, to alter, add to, subtract from, amend, overlap, or affect the provisions of R.S. 9:2780."

Neither Atlantic nor Blanchard address 9:2780.1(E) in their submissions to the Court because, under their proposed interpretation, the anti-indemnity provisions of 9:2780.1 would substantially "overlap," "add to," "alter," and "affect" the provisions of 9:2780. Specifically, Blanchard contends that 9:2780.1 applies to work performed on virtually every pipeline because all pipelines are "structures," "appurtenances," and/or "other improvements to real property."[4] If Blanchard is correct, then 9:2780.1 would reach

---

[2] Blanchard bears the burden of showing that the MSA is invalid, and it has failed to carry that burden. *See, e.g., Marcel v. Placid Oil Co.*, 11 F.3d 563, 570 (5th Cir. 1994) ("as the party requesting summary judgment, had the burden of demonstrating that the insurance agreement was void under the LOIA"); *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017) ("[w]hen summary judgment is sought on an affirmative defense, as here, the movant 'must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.'").

[3] *See* Phillips 66's Material Fact Nos. 1 – 6, submitted in conjunction with this opposition.

[4] See Rec. Doc. 31, at pp. 4 – 6.

15574497_1.docx

agreements pertaining to **the same pipelines subject to 9:2780** (an "overlap" with the provisions of 9:2780) *and* **nearly every pipeline downstream of those pipelines** (an "add[ition] to" and extension of the provisions 9:2780). That is clearly not what the Legislature intended and it is clearly not what the statute allows.

Rather than interpreting 9:2780.1 in a manner that would "overlap," "add to," "alter," or "affect" the scope of 9:2780, a Court must harmonize the two statutes. Phillips 66's interpretation – *i.e.*, that 9:2780.1 does not invalidate indemnity and insurance provisions in agreements pertaining to the transportation of oil or gas beyond the point it has been "commingled for transportation" – is the only proposed interpretation that achieves the foregoing result, preserves well-established 9:2780 jurisprudence, and respects the clear language of 9:2780.1(E). *Two cases demonstrate this point clearly*.

In *Johnson v. Amoco*, the U.S. Fifth Circuit considered whether 9:2780 applied to a contract for maintenance work in a compressor station on a pipeline system downstream from the gathering process.[5] "The compressor station [was] used to send completely processed gas from the facility in a distribution line that runs to a United Gas Pipeline transmission line approximately ten miles away."[6] The Court noted that "long before the gas reaches the compressor station it has been commingled in the gathering line with oil and gas from all other wells in the field, then separated from the oil and other liquid hydrocarbons, and finally run through an inlet scrubber and glycol unit."[7]

---

[5] 5 F. 3d 949.

[6] *Id.* at 954.

[7] *Id.*

15574497_1.docx

Because the facility where the maintenance was being done was downstream from the point that gas was commingled and could no longer be identified with a particular well, the Court held that the anti-indemnity provisions of 9:2780 did not apply.[8]

The same result was reached in *Clarkco Contractors, Inc. v. Texas Eastern Gas Pipeline*, 615 F. Supp. 775 (M.D. La. 1985), which presents the issue of whether 9:2780 applies to a contract for work on a transportation pipeline downstream from the point of commingling. The court noted that 9:2780 defines the term "agreement" as "any agreement … concerning any operations related to the exploration, development, production or *transportation of oil, gas, or water,* or drilling for minerals …."[9] The Court recognized that the literal definition is extremely broad and would include a far reaching range of contracts involving the transportation of oil, gas, or mineral production. To prevent such a broad application, the legislature in 9:2780 provided that such pipeline transportation contracts would only be within the anti-indemnity provision *if* they "pertained to wells for oil, gas, or water, or drilling for minerals." The Court held that 9:2780's "pertaining to a well" requirement limits the application of its anti-indemnity provisions to those oil, gas, or mineral production transportation contracts when the pipeline "pertains to a well," and thus *transportation pipelines downstream from the point of commingling were not covered*. The Court stated:

> … I am persuaded that the Legislature intended to include only transportation contracts pertaining to wells or drilling for minerals. The Legislature was not concerned about transportation of these products except

---

[8] *Johnson,* 5 F. 3d at 954.

[9] 615 F. Supp. at 780-81 (emphasis in original).

15574497_1.docx

in connection with wells or drilling, and the phrase 'transportation of oil, gas, or water' should be restricted to transportation of these substances in connection with agreements pertaining to 'wells for oil, gas, or water, or drilling for minerals.'[10]

Thus, both *Johnson* and *Clarkco* involve pipelines that are not "gathering" pipelines and are downstream from the point of commingling. In each case, the Court held that 9:2780 did not apply because the pipeline was downstream from the point of "commingling" and hence did not "pertain to a well." If Blanchard's interpretation of 9:2780.1 is accepted, then both *Johnson* and *Clarkson* would have to be decided differently, which by definition, is tantamount to "adding to" what the Legislature intended to regulate with respect to the pipeline transportation of oil, gas or mineral production.

Blanchard's proposed interpretation of 9:2780.1 as applied to the pipeline transportation of oil, gas, or mineral production effectively *adds to* the scope of what the Legislature intended to achieve in the pipeline transportation industry with the enactment of 9:2780. Blanchard's interpretation effectively *subtracts from* the definition of covered pipeline transportation contracts in 9:2780 the requirement that the pipeline "pertain to a well."[11] In short, Blanchard's interpretation expressly violates 9:2780.(E)'s prohibition against "adding to" "subtracting from" or "altering" the scope of 9:2780. The exact same

---

[10] 615 F.Supp. at 781.

[11] Various other Courts have reached the same conclusion: Once the oil or gas "can no longer be identified with a particular well" or if it becomes so "fundamentally changed [by] processing, commingling, or preparing it for distribution to its ultimate end user," 9:2780 does not apply. *Labove v. Candy Fleet, L.L.C.*, 2012 WL 3043168, at *5 (E.D. La. July 20, 2012) (9:2780 does not apply to a contract for work on platforms that facilitated the transmission of commingled oil and/or natural gas to larger, downstream pipelines); *Hughes v. Pogo Producing Co.*, No. 2009 WL 667186 (W.D. La. Mar. 11, 2009) (9:2780 does not apply to a contract covering work at a platform which served as a commingling station where gas from three incoming pipelines was further commingled and pumped into one pipeline destined for a refinery).

15574497_1.docx

contracts pertaining to transportation pipelines that the Courts hold are not within the anti-indemnity provisions of 9:2780 would fall within 9:2780.1 using Blanchard's flawed interpretation. And this would render 9:2780.1(E) meaningless.

If Blanchard's argument is accepted, there is no purpose for the "commingling" exception to 9:2780, because every one of the contracts involved in all of the foregoing cases would nevertheless fall under 9:2780.1 since they involved contracts for work on "a building, structure, . . . oil line, gas line, appurtenance, or other improvement to real property." That cannot be the Legislature's intent, and 9:2780.1(E) expressly tells us it is not.

The Legislature was well aware when enacting La. R.S. 9:2780.1 that the statute's application could overlap with 9:2780 in the area of pipeline transportation. It was also well aware of 9:2780's jurisprudence establishing that 9:2780 does not invalidate indemnity and insurance provisions in agreements pertaining to the transportation of oil, gas, or mineral production past the point of "commingling"[12] To prevent the two statutes from overlapping, and to preserve the exclusion for agreements pertaining to the transportation of "commingled gas or oil," the Legislature when adopting La. R.S. 9:2780.1 inserted subpart (E) and the "commingled for transportation" exception of subpart (A)(2)(b)(ii). These two key provisions of 9:2780.1 were designed to preserve the law that had developed under 9:2780 and to prevent agreements relating to pipeline transportation downstream from the point of "commingling" from falling within the anti-indemnity provision of the statute.

---

[12] *Johnson*, 5 F. 3d at 953–54.

15574497_1.docx

Thus, the MSA at issue here cannot be subject to the provisions of La. R.S. 9:2780.1 as a matter of law based on 9:2780.1(A)(2)(b)(ii), 9:2780.1(E), and the jurisprudence interpreting La. R.S. 9:2780.  For this reason alone, Blanchard's Motion should be denied.

Furthermore, even if this Court were to look beyond 9:2780.1(E) and the jurisprudence interpreting La. R.S. 9:2780, and delve into the issue of whether the pipeline is a "gathering line" for purposes of 9:2780.1(A)(2)(b)(ii), at a minimum, there is a material question of fact as to whether this particular line was functioning in a gathering capacity considering it was sending unfractionated, Y-grade natural gas to a further downstream processing facility.[13]  Thus, Blanchard and Atlantic are not entitled to summary judgment.

>　　　　　　　　　　　　　　　Respectfully Submitted:
>
>　　　　　　　　　　　　　　　 /s/ Michael deBarros
>　　　　　　　　　　　　　　　Glenn M. Farnet (#20185) [Lead Attorney]
>　　　　　　　　　　　　　　　glenn.farnet@keanmiller.com
>　　　　　　　　　　　　　　　John F. Jakuback (#21643)
>　　　　　　　　　　　　　　　john.jakuback@keanmiller.com
>　　　　　　　　　　　　　　　Michael deBarros (#32422)
>　　　　　　　　　　　　　　　michael.debarros@keanmiller.com
>　　　　　　　　　　　　　　　KEAN MILLER LLP
>　　　　　　　　　　　　　　　400 Convention St., Suite 700
>　　　　　　　　　　　　　　　Baton Rouge, LA 70802
>　　　　　　　　　　　　　　　Telephone: 225-387-0999

---

[13] Rec. Doc. 20-4, at ¶¶ 3 – 5.  Blanchard's contention that the pipeline at issue is not a "gas gathering line" because it exceeds 8 5/8 inches in diameter is a red herring.  First, the provision Blanchard cites for that proposition, 49 C.F.R. § 195.2 **does not apply to gas lines**.  *See, e.g.*, 49 C.F.R. § 192.3, which provides a definition of "gathering line" applicable to certain gas lines.  Second, there is nothing in 9:2780.1 which defines "gas gathering line" or even suggests that the Legislature intended to use the Code of Federal Regulations to define it.  The pipeline at issue is functioning in a gathering capacity since it is transporting the raw, Y-grade natural gas liquids to a furthermost downstream processing facility.  *See* Rec. Doc. 20-4, at ¶¶ 3-5. Blanchard and Atlantic did not submit any competent summary judgment evidence on these issues.  Thus, they are not entitled to summary judgment on them.

15574497_1.docx

Facsimile: 225-388-9133

*Counsel for Phillips 66 Company*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 25th day of June, 2018.

*/s/ Michael deBarros*
Michael J. deBarros