UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE CO. AND EXCESS UNDERWRITERS SUBSCRIBING SEVERALLY TO POLICY NO. TMU-407387<br><br>Plaintiff,<br><br>v.<br><br>PHILLIPS 66 COMPANY,<br><br>Defendant. | CASE NO. 17-cv-9318<br><br>JUDGE: ELDON E. FALLON<br><br>MAG.: JANIS VAN MEERVELD |

**PHILLIPS 66 COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT (REC. DOC. 20)**

Phillips 66's Motion for Partial Summary Judgment on the applicability of 9:2780.1 (Rec Doc. 20) should be granted because:

(1) The pertinent facts which entitle Phillips 66 to summary judgment are not disputed;

(2) The interpretation of La. R. S. 9:2780.1 is a question of law; and

(3) La. R.S. 9:2780.1(E) must be given meaning and cannot be ignored.[1]

Blanchard and Atlantic ignore La. R.S. 9:2780.1(E) and interpret La. R.S. 9:2780.1 to swallow 9:2780 and its well-established "commingled for transportation" jurisprudence. Phillips 66's interpretation of 9:2780.1 – *i.e.*, that 9:2780.1 does not apply to agreements pertaining to the transportation of oil or gas beyond the point it has been

---

[1] *Shane v. Par. of Jefferson*, 2014-2225 (La. 12/8/15), 209 So. 3d 726, 736

1

"commingled for transportation" – respects the clear language of 9:2780.1(E) and preserves well-established 9:2780 jurisprudence.

"[C]ourts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and surplusage if a construction giving force to, and preserving, all words can legitimately be found."[2]  Furthermore, "legislative language [must] be interpreted on the assumption that the Legislature was aware of existing statutes, rules of construction, and *judicial decisions interpreting those statutes*."[3]

The Legislature was well aware when enacting La. R.S. 9:2780.1 that the statute's application could overlap with 9:2780 in the area of pipeline transportation.[4]  It was also well aware of 9:2780's jurisprudence establishing that 9:2780 does not invalidate indemnity and insurance provisions in agreements pertaining to the transportation of oil, gas, or mineral production past the point of "commingling"[5]  To prevent the two statutes from overlapping, and to preserve 9:2780's exclusion for agreements pertaining to the transportation of "commingled gas or oil," the Legislature inserted Subparts (E) and (A)(2)(b)(ii) into La. R.S. 9:2780.1.  These two key provisions of 9:2780.1 were designed to preserve the law that had developed under 9:2780 and to prevent agreements relating to pipeline transportation downstream from the point of "commingling" from falling

---

[2] *Shane*, 209 So. 3d at 736.

[3] *State v. Bedford*, 01-2298, p. 3 (La. 1/28/03), 838 So.2d 758, 760.

[4] Included within 9:2780(C)'s definition of "agreement" are those related to the "… transportation of oil, gas, or water…."  Thus, it is clear that there is overlap between the scope of 9:2780 and 9:2780.1.

[5] *Johnson v. Amoco Prod. Co.*, 5 F. 3d 949, at 953–54 (5th Cir. 1993).

2

within the anti-indemnity provision of the statute. Those provisions must be given meaning, they cannot be ignored, and, therefore, Phillips 66's interpretation should be applied and Phillips 66's Motion should be granted.

Phillips 66 addresses this point more fully in its Memorandum in Opposition to Blanchard's Motion for Summary Judgment (Doc. 37), which Phillips 66 adopts by reference herein.

Respectfully Submitted:

 */s/ Michael deBarros*
Glenn M. Farnet (#20185) [Lead Attorney]
glenn.farnet@keanmiller.com
John F. Jakuback (#21643)
john.jakuback@keanmiller.com
Michael deBarros (#32422)
michael.debarros@keanmiller.com
KEAN MILLER LLP
400 Convention St., Suite 700
Baton Rouge, LA 70802
Telephone: 225-387-0999
Facsimile: 225-388-9133

*Counsel for Phillips 66 Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 2nd day of July, 2018.

 */s/ Michael deBarros*
Michael J. deBarros