UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ATLANTIC SPECIALTY INSURANCE CO AND EXCESS UNDERWRITERS SUBSCRIBING SEVERALLY TO POLICY NO. TMU-407387 | § § § § § § § § § § § § § | Case No. 17-cv-9318 |
| Plaintiff | | Judge: Hon. Eldon D. Fallon |
| v. | | Mag: Hon. Janis Van Meerveld |
| PHILLIPS 66 COMPANY | | |
| Defendant | | |

### Blanchard's and Atlantic Specialty's Post-Hearing Memorandum

In the wake of oral argument, we reiterate a few key points. They establish as a matter of law that the Louisiana Anti-Indemnity Act ("LAIA") applies, rendering invalid the indemnity/insurance requirements of the Phillips-Blanchard pipeline-maintenance contract.

**1.   The Louisiana Anti-Indemnity Act applies.**

LAIA invalidates indemnity and insurance requirements in Louisiana construction contracts. The Phillips-Blanchard contract—calling for Blanchard to help Phillips maintain its gas pipeline in a "pigging" procedure—is a "construction contract" under the Act. The Act defines "construction contract" expansively to include, among other things, contracts for the maintenance of "gas lines" as well as contracts for the maintenance of "structures" and of other "improvements to real property." See La. Rev. Stat. 9:2780.1(A)(2)(a). It's undisputed that the contract was for *maintenance* of Phillips'

pipeline.[1]  And the pipeline is a "gas line," as Phillips recently urged, because it carries *natural gas*, which as defined includes gas in liquified form.  Although Phillips now denies that the pipeline is a "gas line", whether it is or isn't ultimately doesn't matter, for it is undeniably a "structure" and it is also undeniably an "improvement to real property".  Because the Phillips-Blanchard contract is for maintenance of a structure or of an improvement to real property (at least), it is a "construction contract" subject to the Act's prohibitions. This Court need go no further to determine that the LAIA applies to void the indemnity obligations in the MSA.

Phillips does not seriously dispute that its contract with Blanchard falls within LAIA's broad definition of "construction contract."  Phillips has not and cannot deny that the pipeline is a *structure* and an *improvement to real property*, either of which suffices to bring the contract under the Act.

Phillips principally argues, rather, that its contract with Blanchard is removed from the scope of LAIA by two of its provisions.  The first is subpart E, which directs that the Act should not be read as altering, amending or overlapping with the oilfield anti-indemnity act (LOAIA), La Rev. Stat. 9:2780.  The second is subpart 2(b)(ii), which excludes from the scope of the Act certain contracts relating to *gas gathering lines*.  Contrary to Phillips' argument, neither provision applies here.

---

[1] Phillips itself describes the contract as a "pipeline-maintenance contract."  See Doc. 20-3, at 10.

**4.  Since the oilfield act (LOAIA) doesn't apply, it cannot be undermined by enforcement of LAIA.**

Phillips' main argument runs as follows:  Because the indemnity clauses at issue are not banned by LOAIA (the oilfield act), they are endorsed by it, and are thus insulated from challenge under LAIA.  To enforce LAIA would create a conflict with LOAIA, argues Phillips, and LAIA must give way since its Subpart E directs that it should not be interpreted as altering, amending or overlapping with LOAIA.

This argument fails.  It rests on an obviously false premise: that LOAIA governs the Phillips-Blanchard contract and validates its indemnity/insurance provisions.  In fact, LOAIA plainly does not apply to the Phillips-Blanchard contract.  By its terms, LOAIA applies only to contracts "pertaining to a well."  See La. Rev. Stat. 9:2780.  This means contracts relating to oil or gas while it is still in or around the oilfield (hence, the name of the Act), before it reaches the point of commingling with oil or gas from other wells.

The reach of LOAIA has been litigated before, in depth, in a case Blanchard has cited and Phillips has not endeavored to distinguish. In *Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 985 (5th Cir. 1992), a pipeline company sought to establish that LOAIA applies to pipelines and pumping stations. The Fifth Circuit disagreed. "We can come to no conclusion," the Court held, "but that the legislature intended the Act to apply if (but only if) an agreement pertains to a well." *Id.* at 991.  It is not, as Phillips argues, that the LOAIA validates indemnity agreements in pipeline contracts; it is that LOAIA does not reach them in the first instance.

3

Because the Phillips-Blanchard contract involved maintenance on Phillips' pipeline at its plant in Paradis—which is inland, far removed from the oilfield, downstream from where the gas is commingled, and even downstream from where the gas is processed at a facility in Venice—the contract obviously did not "pertain to a well". Indeed, Phillips *agrees* that the contract did not pertain to a well. The gist of Phillips' initial summary-judgment memorandum was that, since the contract does not pertain to a well, LOAIA does not prohibit its indemnity provisions. See Doc. 20-3, at pp. 7-8 (citing *Johnson v. Amoco Prod. Co,* 5 F.3d 949, 953-54 (5th Cir. 1993), for the proposition that "if the contracted work 'can no longer be identified with a particular well … [due to] processing, commingling or [otherwise]' … then the anti-indemnity provisions of LOAIA cannot apply"). Because the contract here did not pertain to a well, the oilfield act does not apply to it. And being inapplicable, the oilfield act (LOAIA) has nothing to say about the enforceability *vel non* of the indemnity/insurance provisions of the Phillips-Blanchard (non-oilfield) pipeline-maintenance contract.

Phillips argues to the contrary that, since the contract did not pertain to a well, LOAIA affirmatively *mandates* that its indemnity and insurance provisions be enforced. LOAIA does no such thing. LOAIA governs only a narrow class of contracts: those *pertaining to a well.* When LOAIA prohibits indemnity agreements in contracts pertaining to a well, it does not thereby sanction indemnity agreements in any other contracts (pertaining to things other than wells). This is akin to arguing that, since Florida law forbids speeding in Florida but not in Georgia, it authorizes speeding in Georgia. No, it just does not apply in Georgia. In the same way, when LOAIA forbids indemnity clauses

4

in contracts *pertaining to wells*, it doesn't thereby sanctify indemnity clauses in all (or any) other contracts.  It just doesn't apply to them.

In support of its argument, Phillips contends that LAIA's Subpart E *must* bar LAIA from applying to the Phillips-Blanchard contract because any other reading would yield "an absurd result: the exact same gas pipeline maintenance contract that is valid and enforceable under LOAIA could be held unenforceable under 9:2780.1 [LAIA]." See Doc. 20-3, at 10.  On the contrary, it's hardly "absurd" to get different results under two statutes when one (LAIA) governs the contract at issue and the other (LOAIA) does not.

The oilfield act is not undermined when an indemnity clause beyond its scope is stricken under another law.  Where, as here, the oilfield act (LOAIA) doesn't apply, it cannot be altered, amended or overlapped by an order enforcing LAIA, a separate anti-indemnity statute governing a different and broader class of contracts (construction contracts).  Phillips' reliance on Subpart E thus fails as a matter of law.

Furthermore, Phillips' construction of LAIA would render (A)(2)(b)(ii) meaningless. Phillips argues LAIA does not apply to pipelines at all. The LAIA's own terms provide that it applies to "oil lines" and to "gas lines" and to "improvements to real property," then, at (A)(2)(b)(ii), it carves out oil flow lines and gas gathering lines.[2] If LAIA does not apply to pipelines at all, it would be absurd and redundant for LAIA to carve out oil flow lines and gas gathering lines.

---

[2] Oil flow lines and gas gathering lines have in common that they are small-diameter lines that start at the well and stop at transmission lines. "Gas gathering line" is defined twice in the federal regulations, at 49 C.F.R. 192.3; 49 C.F.R. 195.2, depending on the type of pipeline at issue).

In order to advance a common policy objective, LAIA takes the anti-indemnity principles established in LOAIA for oilfield contracts (pertaining to a well) and extends them to a much broader class of Louisiana contracts (*construction contracts*, as broadly defined in the act). If anything, LOAIA's purposes will be served by enforcing LAIA's prohibitions in this case.

**6.     The pipeline is not a gas-gathering line.**

Because the pipeline at issue is not a gas-gathering line, the exception in LAIA for certain gas-gathering lines cannot apply.

Phillips' own position currently is that, since the pipeline is regulated as a hazardous liquid line that carries liquified natural gas (NGL), it is not a gas line of any stripe. If it is not a gas line, it cannot be a gas-gathering line. And if it is not a gas line, it also cannot be governed by LOAIA, which applies only to contracts pertaining to oil, gas and water wells. By Phillips own lights, then, the exception for gas-gathering lines cannot apply. And neither can LOAIA.

In addition, the pipeline plainly is not a gas-gathering because its attributes are the opposite of gas-gathering lines. The pipeline at issue is a massive (20-inch diameter), high-pressure line located at Phillips' plant in Paradis, which is inland, far from the oilfield, and long past not only the point where gas from various wells is commingled, but even past the point of initial processing. Gas-gathering lines are, by contrast, small diameter lines (limited to a maximum diameter of 8 5/8 inches), under low pressure, that gather gas from

6

wells for commingling and transmission from the oilfield to the initial processing facility.[3] The initial processing facility here was the Vesco plant in Venice, Louisiana, as Phillips conceded at oral argument. Only after processing in Venice did the gas (or natural gas liquid) enter the pipeline that brought it to Paradis. Because this is a post-processing pipeline, it cannot be a gas-gathering line. This is why Phillips cannot bring itself to say that the pipeline is a gas-gathering line. Phillips knows full well that it isn't a gas-gathering line. As a matter of law, the exception for gas-gathering lines does not apply.

In a modified version of the chart Phillips used at oral argument, we show graphically below how the oilfield act (LOAIA) and the construction act (LAIA) apply in relation to gas as it proceeds from the well, through oilfield gathering lines, into pipelines where it's commingled with gas from other wells, gets transported for processing at a plant in Venice ashore, and then flows through a transmission line to the plant in Paradis, Louisiana, where the explosion happened:

---

[3] See generally https://primis.phmsa.dot.gov/comm/factsheets/fsgatheringpipelines.htm ("Plainly speaking, gathering lines are those pipelines that are used to transport crude oil or natural gas from the production site (wellhead) to a central collection point. They generally operate at relatively low pressures and flow, and are smaller in diameter than transmission lines.")



In Region A (in the oilfield, pre-commingling), contracts "pertain to a well" and are subject to LOAIA. There could be some overlap with LAIA in this region because some contracts here could also meet the definition of "construction contract". This is where LAIA's Subpart E is relevant. It ensures that LOAIA will not be undermined by stipulating that LAIA is not to be interpreted to alter, amend or overlap LOAIA. In Region A, LOAIA thus reigns supreme, and LAIA does not apply. Of course, as both the LOAIA and the LAIA act in nearly identical terms to ban indemnity agreements, subject to narrow exceptions, whether the LOAIA or the LAIA applies is all-but-inconsequential. Under either, indemnity clauses in contracts are held invalid.

For gas gathering lines and oil flow lines in Region B there is no uniform rule. Although commingling is a major factor against application of LOAIA, LOAIA could

potentially apply to some gas gathering and oil flow lines.[4] Because LAIA excludes gas gathering lines and oil flow lines, the only question is whether LOAIA applies. If LOAIA applies, indemnity is invalid. If LOAIA does not apply, indemnity is valid because the LAIA does not apply.

This case is safely in Region C. LOAIA does not apply because, under *Transcontinental Gas*, the contract does not pertain to a well. The pipeline is not a "gas gathering line" or an "oil flow line," the two carve-outs in the LAIA. The pipeline is an improvement to real property. Therefore, LAIA applies and voids the indemnity obligations.

## Conclusion

Blanchard respectfully submits its summary judgment motion should be granted, and Phillips 66's motion should be denied.

Respectfully submitted,

**HARRIS & RUFTY,**

/S/ ALFRED J. RUFTY, III

RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, JR. (#19990)
HARRIS & RUFTY, L.L.C.
650 Poydras Street, Suite 2710 New Orleans, Louisiana 70130
Telephone: (504) 525-7500
Attorneys for Plaintiffs

---

[4] In *Transcontinental Gas Pipeline Corp. v. Transportation Ins. Co*., 953 F.2d 985, 994-95 (5th Cir. 1992), the Fifth Circuit set forth a ten-part test for determining whether a contract pertains to a well.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record through the CM/ECF system, this 16th day of July, 2018.

/s/Alfred J Rufty